IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROADSAFE TRAFFIC SYSTEMS, INC. and ROADSAFE HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERISEAL NORTHEAST FLORIDA, INC.; AMERISEAL HIGHWAY STRIPPING, INC.; AMERISEAL CRACK & JOINT SEALING, LLC; MELVIN CARTER; MASTERS, SMITH & WISBY, P.A.; and BAKER & ASSOCIATES, INC., <br><br> Defendants. | Civ. No. 09-148-SLR |
| MELVIN O. CARTER; AMERISEAL NORTHEAST FLORIDA, INC.; AMERIDEAL HIGHWAY STRIPING, INC.; and AMERISEAL CRACK & JOINT SEALING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ROADSAFE TRAFFIC SYSTEMS, INC. and ROADSAFE HOLDINGS, INC., <br><br> Defendants. | Civ. No. 10-28-SLR |

**MEMORANDUM ORDER**

At Wilmington this 8th day of April, 2010, having reviewed the pending motions

and the papers submitted in connection therewith;

IT IS ORDERED that the motion filed by Masters, Smith & Wisby, P.A. ("MSW") to dismiss or to transfer the case to the United States District Court for the Middle District of Florida (Civ. No. 09-148-SLR: D.I. 23) is granted, and the motion to dismiss filed by Ameriseal Northeast Florida, Inc., Ameriseal Highway Striping, Inc., Ameriseal Crack & Joint Sealing, LLC (collectively, "Ameriseal") and Melvin Carter (hereinafter, "Carter") (Civ. No. 09-148-SLR: D.I. 25) is denied, for the reasons that follow:

1. **Background.** The instant dispute arises from a failed acquisition of Ameriseal by RoadSafe Traffic Systems, Inc. and RoadSafe Holdings, Inc. (collectively, "RoadSafe"). RoadSafe is the country's second largest provider of traffic control services, products and equipment. Ameriseal provides road and highway improvement services throughout the State of Florida.

2. In 2008, RoadSafe began investigating Ameriseal as an acquisition target. As part of this investigation, RoadSafe requested and received a report ("the Baker Report"), prepared by Baker & Associates, Inc. on behalf of Ameriseal, detailing Ameriseal's past financial performance. Ameriseal, as characterized by the Baker Report, was a prime target for acquisition because it: (a) fit well with RoadSafe's traffic safety business; (b) was consistently profitable in previous years; and (c) had valuable existing business relationships through Ameriseal's president and sole shareholder, defendant Carter. (Civ. No. 09-148-SLR: D.I. 20 at ¶¶ 15-19)

3. Based on this information, RoadSafe valued Ameriseal at $17.5 million and, on June 23, 2008, entered into a non-binding letter of intent to purchase Ameriseal. As part of its due diligence, RoadSafe obtained copies of Ameriseal's financial statements

from previous years to verify that Ameriseal had been consistently profitable in the past. These statements were originally audited by MSW, an accounting firm incorporated in the State of Florida with its principal place of business in Florida. While reviewing these statements, it is alleged by RoadSafe that its accounting firm discovered that Carter had been commingling his own funds with Ameriseal accounts and that Ameriseal funds had been used to pay for personal expenses accrued by Carter. Consequently, RoadSafe reevaluated Ameriseal's value at $16.1 million and, on August 28, 2008, entered into a new non-binding letter of intent to purchase Ameriseal. (Civ. No. 09-148-SLR: D.I. 20 at ¶¶ 21-27)

4. On January 8, 2009, RoadSafe entered into an equity purchase agreement ("the Agreement") with Ameriseal whereby RoadSafe agreed to purchase Ameriseal. Included among the representations and warranties contained in the Agreement was the representation that Ameriseal's financial information must be accurate and in accordance with Generally Accepted Accounting Principles ("GAAP"). The Agreement allowed RoadSafe to terminate the acquisition if Ameriseal materially breached its representations and warranties, and provided for a termination fee of $500,000 and reimbursement of reasonable out-of-pocket expenses (including legal and accounting fees) not to exceed $100,000. (Civ. No. 09-148-SLR: D.I. 20, ex. D)

5. On February 13, 2009, following the discovery that Ameriseal's financial statements were either inaccurate or noncompliant with GAAP, RoadSafe terminated the acquisition. On February 26, 2009, Carter and Ameriseal filed a complaint in St. John's County, Florida against RoadSafe for breach of contract and fraud ("the Florida

action").[1] Based on the forum selection clause contained in the Agreement,[2] RoadSafe filed a complaint in this court on March 5, 2009 alleging breach of contract and various tort claims,[3] removed the Florida action to the United States District Court for the Middle District of Florida, and then moved to dismiss or transfer venue of the Florida action to Delaware. This court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.

6. On or about January 13, 2010, the Florida action was transferred to this court, the Honorable Marcia Morales Howard concluding that the forum selection clause contained in the Agreement remained enforceable despite termination of the Agreement. (Civ. No. 10-28-SLR: D.I. 41, ex. A at 11-14)

7. **Personal jurisdiction.** To establish personal jurisdiction, a plaintiff must show, by a preponderance of the evidence, that (a) "there is a statutory basis for jurisdiction under the forum state's long arm statute" and (b) "the exercise of jurisdiction comports with the defendant's right to due process." *Boston Scientific Corp. v. Wall Cardiovascular Tech.*, 647 F. Supp. 2d 358, 364 (D. Del. 2009) (citations omitted). Pursuant to the relevant portions of Delaware's long-arm statute, 10 Del. C. § 3104

---

[1]The above captioned case, *Carter v. RoadSafe Traffic Systems, Inc.*, Civ. No. 10-28-SLR.

[2]"In any action between or among any of the parties, whether arising out of this Agreement, any of the agreements contemplated hereby or otherwise, (a) each of the parties irrevocably consents to the exclusive jurisdiction and venue of the federal and state courts located in the State of Delaware. . . ." (Civ. No. 09-148-SLR: D.I. 20, ex. D at ¶ 11.14)

[3]The above captioned case, *RoadSafe Traffic Systems, Inc. v. Ameriseal Northeast Florida, Inc.*, Civ. No. 09-148-SLR.

4

(c)(1) - (4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside the State by an act or omission outside the State **if** the person regularly does or solicits business [in the State], engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State. . . .

10 Del. C. § 3104(c)(1) - (4) (emphasis added). With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354, 55 (D. Del. 2008). Subsection (c)(4), on the other hand, requires a showing of general jurisdiction, that is, a showing that defendant or its agent, through more than minimum contacts, is "generally present" in the forum state. *See G & G LLC v. White*, 535 F. Supp. 2d 452, 461 (D. Del. 2008). If defendant is found to be within the reach of the long-arm statute, the court then must analyze whether the exercise of personal jurisdiction comports with due process, to wit, whether plaintiff has demonstrated that defendant "'purposefully avail[ed] itself of the privilege of conducting activities **within the forum State**,'" so that it should "'reasonably anticipate being haled into court there.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted) (emphasis added). For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum State. *See Burger King Corp. v. Rudzewicz*,

5

471 U.S. 462, 472 (1985). For the court to exercise general personal jurisdiction consistent with due process, plaintiff's cause of action can be unrelated to defendant's activities in the forum State, so long as defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1158, 1470 (D. Del. 1991).

8. Both RoadSafe corporations are organized under the laws of the State of Delaware with the same principal place of business in Pennsylvania. RoadSafe urges the court to exercise personal jurisdiction over MSW based on the fact that "MSW purposefully directed its audit work, which contained material misrepresentations, to RoadSafe, a Delaware resident, with full knowledge that RoadSafe would rely upon this information in determining whether to investigate and ultimately consummate a transaction to purchase Ameriseal." (Civ. No. 09-148-SLR: D.I. 32 at 9; D.I. 20 at ¶¶ 121-125) RoadSafe maintains that "MSW's assistance with RoadSafe's due diligence of Ameriseal was extensive, and MSW engaged in frequent communications with RoadSafe and its agent over the course of several months, answering questions and providing additional information in response." (Civ. No. 09-148-SLR: D.I. 32 at 11)

9. RoadSafe acknowledges that "MSW did not physically enter Delaware to effect these communications." (Civ. No. 09-148-SLR: D.I. 32 at 11 n.6) Indeed, the "communications" identified by RoadSafe are email communications between MSW in Florida and (a) Alan Sobel of RoadSafe Traffic Systems, Inc. located at 12225 Disk Drive, Romeoville, Illinois (Civ. No. 09-148-SLR: D.I. 20, ex. M), and (b) Steve C. Swann of Bober, Markey, Fedorovich & Company (RoadSafe's accountants) located at 3421 Ridgewood Road, Suite 300, Akron, Ohio (Civ. No. 09-148-SLR: D.I. 20, ex. N).

There is no evidence that MSW communicated with anyone who had a physical (as opposed to a legal) presence in Delaware.

10. The record demonstrates that, although the above activities may have been directed **at** a Delaware resident, none of them actually took place **in** Delaware. Instead, RoadSafe is asking the court to exercise personal jurisdiction over a party who has done nothing more than communicate electronically with employees of a Delaware corporation who conduct the business of the Delaware corporation outside of Delaware. Absent evidence of continuous and systematic contacts with Delaware (as contemplated under § 3104(c)(4)),[4] transacting business with a Delaware corporation outside of Delaware satisfies neither Delaware's long-arm statute[5] nor due process, as there is no support for the proposition that activity directed to a Delaware corporation that conducts its business elsewhere is "constitutionally cognizable contact with the State" of Delaware. See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 299.

11. For the reasons stated above, the motion filed by MSW to dismiss for lack of personal jurisdiction is granted.[6] The motion to dismiss filed by Ameriseal and Carter for lack of personal jurisdiction is denied, as the court adopts the reasoning of Judge Howard in concluding that these parties are bound by the forum selection clause of the

---

[4]RoadSafe does not allege that MSW has such contacts with Delaware.

[5]See *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156 (Del. Super. 1997), *aff'd*, 707 A.2d 765 (Del. 1998) (specific jurisdiction under § 3104(c)(1) - (3) "requires that some act on the part of the defendant must have occurred in Delaware.").

[6]The court declines to transfer only part of a case; therefore, MSW will be dismissed as a party in Civ. No. 09-148-SLR.

Agreement.[7]

12. The remainder of the motion to dismiss filed by Ameriseal and Carter, that is, to dismiss the fraud, misrepresentation and conversions claims, is denied without prejudice to renew at the conclusion of discovery. At the outset, the court holds that these claims are pled with sufficient particularity, pursuant to Fed. R. Civ. P. 9(b). Moreover, although these defendants correctly assert the general proposition that, "'[w]here an action is based **entirely** on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort,'"[8] it is not self-evident from the allegations of the amended complaint (Civ. No. 09-148-SLR: D.I. 20) that RoadSafe, when it entered into the Agreement, waived all rights to assert claims based on defendants' alleged fraudulent conduct during the course of the pre-Agreement due diligence. Therefore, the court will allow discovery to proceed and, consistent with both Pinkert and Data Management Internationale, Inc. v. Saraga, Civ. No. 05C-05-108, 2007 WL 2142848 (Del. Super. July 25, 2007), will resolve the issue on a summary judgment record.

IT IS FURTHER ORDERED that RoadSafe's motion to compel directed to MSW (Civ. No. 10-28-SLR: D.I. 32) is denied. RoadSafe will have to issue and enforce any subpoenas directed against third-party MSW in Florida, consistent with Fed. R. Civ. P. 45(b). Moreover, consistent with the holdings in Civ. No. 09-148-SLR, the court will not

---

[7]Given that the Florida action has been transferred to this court, defendants' motion to transfer venue to Florida is denied as moot.

[8]Civ. No. 09-148-SLR: D.I. 27 at 35 n.12, citing Pinkert v. Olivieri, Civ. No. 99-380, 2001 WL 641737, at *5 (D. Del. May 24, 2001) (emphasis added).

entertain a renewed motion to dismiss for failure to state a claim by RoadSafe.[9] The court notes in this regard that both parties have filed claims seeking recovery for breach of contract and tort, and both parties filed motions to dismiss such claims. Given that the parties' dispute revolves around a single transaction with a limited universe of facts, and given that the parties have sufficient notice of their respective legal claims arising out of this limited universe of facts, the court concludes that the interests of justice and judicial economy are best served by vetting the dispute through discovery and deciding the merits of the dispute in the context of either a summary judgment motion practice or a trial.

                                                                                       _____
United States District Judge

---

[9] *See* Civ. No. 10-28-SLR: D.I. 11.