IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROADSAFE TRAFFIC SYSTEMS, INC., and ROADSAFE HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERISEAL NORTHEAST FLORIDA, INC., AMERISEAL HIGHWAY STRIPPING, INC., AMERISEAL CRACK & JOINT SEALING, LLC, MELVIN CARTER, MASTERS, SMITH & WISBY, P.A.; and BAKER & ASSOCIATES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) Civ. No. 09-148-SLR ) ) ) ) ) ) ) ) ) ) ) |
| MELVIN O. CARTER, AMERISEAL NORTHEAST FLORIDA, INC., AMERISEAL HIGHWAY STRIPING, INC., and AMERISEAL CRACK & JOINT SEALING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ROADSAFE TRAFFIC SYSTEMS, INC., and ROADSAFE HOLDINGS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Civ. No. 10-28-SLR ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of November, 2010, having reviewed the pending motions and the papers submitted in connection therewith:

IT IS ORDERED that the motion to dismiss filed by Roadsafe Traffic Systems, Inc. and Roadsafe Holdings, Inc. (Civ. No. 10-28-SLR: D.I. 11) is denied for the

reasons that follow:

1. **Introduction.** On February 26, 2009, Melvin O. Carter ("Carter"), Ameriseal Northeast Florida, Inc., Ameriseal Highway Striping, Inc., and Ameriseal Crack & Joint Sealing, LLC (all collectively "Ameriseal") filed the present action (Civ. No. 10-28-SLR) in St. John's County, Florida against RoadSafe Traffic Systems, Inc. and RoadSafe Holdings, Inc. ("RoadSafe") for breach of contract and fraud, relating, in part, to an equity purchase agreement ("Agreement"). (D.I. 2) RoadSafe subsequently removed the present action to the United States District Court for the Middle District of Florida, and then moved to dismiss or transfer venue of the present action to Delaware. (D.I. 11) On January 12, 2010, the Honorable Marcia Morales Howard ordered the present action transferred to this court and deferred Roadsafe's motion to dismiss, concluding that the forum selection clause contained in the Agreement remained enforceable despite termination of the Agreement. (D.1. 41, ex. A at 11-14) Presently before the court is Roadsafe's deferred motion to dismiss. (D.I. 11) This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. **Background.** The instant dispute arises from a failed acquisition of Ameriseal by RoadSafe. RoadSafe is the country's second largest provider of traffic control services, products and equipment. Ameriseal provides road and highway improvement services throughout the State of Florida. In 2008, RoadSafe began investigating Ameriseal as an acquisition target. As part of this investigation, RoadSafe requested and received a report ("the Baker Report"), prepared by Baker & Associates, Inc. on behalf of Ameriseal, detailing Ameriseal's past financial performance. Based on this information, RoadSafe valued Ameriseal at $17.5 million and, on June 23, 2008,

entered into a non-binding letter of intent to purchase Ameriseal. As part of its due diligence, RoadSafe obtained copies of Ameriseal's financial statements from previous years to verify that Ameriseal had been consistently profitable in the past. While reviewing these statements, it is alleged by RoadSafe that its accounting firm discovered that Carter had been commingling his own funds with Ameriseal accounts and that Ameriseal funds had been used to pay for personal expenses accrued by Carter. Consequently, RoadSafe reevaluated Ameriseal's value at $16.1 million and, on August 28, 2008, entered into a new non-binding letter of intent to purchase Ameriseal. (Civ. No. 09-148-SLR: D.I. 20 at ¶¶ 21-27)

3. On January 8, 2009, RoadSafe entered into the Agreement with Ameriseal whereby RoadSafe agreed to purchase Ameriseal. Included among the representations and warranties contained in the Agreement was the representation that Ameriseal's financial information must be accurate and in accordance with Generally Accepted Accounting Principles ("GAAP"). The Agreement allowed RoadSafe to terminate the acquisition if Ameriseal materially breached its representations and warranties, and provided for a termination fee of $500,000 and reimbursement of reasonable out-of-pocket expenses (including legal and accounting fees) not to exceed $100,000. (Civ. No. 09-148-SLR: D.I. 20, ex. D)

4. On February 13, 2009, following the discovery that Ameriseal's financial statements were either inaccurate or noncompliant with GAAP, RoadSafe terminated the acquisition. Based on the forum selection clause contained in the Agreement, RoadSafe filed a complaint in this court on March 5, 2009 alleging breach of contract and various tort claims. (Civ. No. 09-148-SLR)

5. **Discussion.** The court previously denied Ameriseal's motion to dismiss RoadSafe's related suit,[1] and declined to entertain a renewed motion, by RoadSafe, to dismiss Ameriseal's suit for failure to state a claim, concluding that it would be proper to resolve the claims at issue in both actions based on a summary judgment record. (D.I. 50 at 8-9) Consistent with that decision, the court denies RoadSafe's motion to dismiss (D.I. 11) without prejudice to renew at the conclusion of discovery.

                                        _____
                                              United States District Judge

---

[1] Civ No. 09-148-SLR